UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Halliburton Energy Services, Inc., § § Plaintiff, § § versus § § S. Lavon Evans, Jr., § § Defendant. § | Civil Action H-07-4292 |

## Opinion on Fees

    As a successful party on a contract claim, Halliburton Energy Services, Inc., may recover its attorney's fees under both Texas law and the contract.

    Although Evans agreed in the guaranty that Halliburton may recover twenty percent of the debt in legal fees if he breached, Halliburton may not enforce that claim if it would be punitive. *See generally*, U.C.C. § 2-718(1); *Equitable Lumber Corp. v. IPA Land Development Corp.*, 344 N.E.2d 391 (N.Y. 1976) (fixing fees at thirty percent of the recovery was a penalty); *and* E. Allan Farnsworth, *Contracts* § 12.18 (1982).

    In calculating fees, the reasonable value of the services is the measure. The degree of the attorney's responsibility, the dollar amount of the contract, the complexity or novelty of the claim, time and effort expended are some variables considered in approximating fees. *See e.g.*, *Dillard Dep't Stores v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App. – El Paso 2002). Halliburton had to sue Evans to collect its $1,439,086.08. Aside from filing the suit and moving for summary judgment, Halliburton expended some effort and time to negotiate with Evans in a reorganization of its companies and their debts.

    In the absence of substantiation of $316,333.00 in legal fees in principle, it appears unreasonable – punitive. Halliburton will, therefore, recover $167,500.00 in attorney's fees from S. Lavon Evans, Jr.

    Signed on May 21, 2008, at Houston, Texas.

                                                       Lynn N. Hughes   USDJ
                                          United States District Judge